UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DALE WILLIAMSON on behalf of others disable individual/students, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF INDIANA, <br> IVY TECH COMMUNITY COLLEGE INDIANA, <br> DREW WILSON Ivy Tech Community College Indiana Board Of Trustee Chair, professional capacity, <br> SUE ELLSPERMANN Ivy Tech Community College Indiana President, professional capacity, <br> CLAIRE MCROBERTS Ivy Tech Community College Indiana General Counsel, professional capacity, <br> CAREY TREAGER Ivy Tech Community College Indiana Assistant Vice President, professional capacity, <br> IVY TECH COMMUNITY COLLEGE INDIANA SOUTH BEND ELKHART DISABILITY SERVICES, <br> SANDRA SENATORE-ROBERTS Executive Director Of Student Advocacy,[1] <br><br> Defendants. | Case No. 4:25-cv-00002-TWP-TAB |

### ORDER ON PENDING MOTIONS, DISMISSING COMPLAINT, AND GRANTING LEAVE TO AMEND

This matter is before the Court on fourteen motions filed by *pro se* Plaintiff Dale Williamson ("Williamson") (*see* Dkts. 3, 4, 5, 16, 21, 22, 37, 38, 39, 50, 61, 62, 65 and 70), and four motions filed by the Defendants (*see* Dkts. 28, 30, 31 and 63). On December 31, 2024, Williamson initiated this action by filing a request to proceed *in forma pauperis* and Complaint

---

[1] The Court has corrected Williamson's misspellings in the caption of the words compactly (capacity), indenvisual (Individual) Presidet (President) and Assistat (Assistant).

against the State of Indiana (the "State"), Ivy Tech Community College Indiana ("Ivy Tech") and several individuals affiliated with Ivy Tech (the "Individual Defendants") (collectively, the "Ivy Tech Defendants"). This Order resolves all pending motions. For the reasons explained below, Williamson's claims are **dismissed**, but he is **granted leave** to file an amended complaint, which, if filed, will be screened pursuant to 28 U.S.C. § 1915(e)(1) before Defendants are required to respond.

## I. BACKGROUND

### A. Factual Background

Williamson alleges that he has had a learning disability since childhood (Dkt. 1 at 3). In 2015, he contacted an Indiana vocational rehabilitation service about an occupational retraining program. As part of the program, Williamson applied to, and was accepted to Ivy Tech, a community college created by Indiana statute. *Id.* at 2–4. Williamson submitted disability documentation to Ivy Tech, which included several accommodations, including time-and-a-half for all written assignments and the use of a laptop to take notes. *Id.* at 4. During Ivy Tech's disability request intake, an Ivy Tech employee agreed that all requested accommodations were reasonable. *Id.* He received a Faculty Notification Letter (the "Faculty Notification") from Ivy Tech listing his disability accommodations, for Williamson to give to his professors. Williamson was not satisfied with the Faculty Notification because it did not automatically apply the listed accommodations for all courses and assignments. Instead, it required him to discuss his accommodations with his professors and agree on accommodations.

In 2016, Williamson's English 111 instructor refused to provide him the time-and-a-half accommodation for writing assignments, so Williamson filed a disability discrimination grievance with Ivy Tech. *Id.* at 5–6. An Ivy Tech employee reached an oral resolution with Williamson; Ivy Tech would refund his course fee, and Ivy Tech would provide the time-and-a-half accommodation

for future courses. *Id.* at 6. Then, in 2017, Williamson's English 112 instructor failed to provide him the time-and-a-half and laptop accommodations, so Williamson filed another internal grievance. *Id.* Ivy Tech again orally agreed to refund his course fee and provide his requested accommodations in the future. Williamson also filed a complaint with the United States Department of Education's Office of Civil Rights (the "OCR"), and the OCR opened an investigation. In 2018, the OCR and Ivy Tech reached an agreement, under which Ivy Tech would provide Williamson's accommodations in the future and would retrain staff and faculty on providing disability accommodations. *Id.* at 6–7.

Williamson did not enroll in any other Ivy Tech courses until 2020, when he expressed interest in retaking English 112. *Id.* at 9. He requested a copy of a Faculty Notification stating that he was entitled to a time-and-a-half accommodation for all writing assignments. *Id.* However, an Ivy Tech employee responded that "it is the student's responsibility to discuss with the instructor what [an] alternative due date will be. . . . [I]t can be worded in a way that is mutually agreed upon between you and the instructor. . . . Time and a half on writing assignments is too ambiguous in wording." *Id.* at 10. Williamson alleges that this Faculty Notification, which again requires him to negotiate his accommodations, constitutes discrimination and violates Ivy Tech's prior agreement with the OCR. *Id.* Williamson filed more internal grievances, and another OCR complaint related to this 2020 incident. *Id.* The OCR dismissed the 2020 complaint.

Williamson filed a state court lawsuit against the State of Indiana and Ivy Tech in October 2020. In January 2023, while the state court lawsuit was pending, Williamson notified Ivy Tech that he intended to retake English 112 and requested a copy of his Faculty Notification. *Id.* at 13. He was provided a copy of the Faculty Notification, which states, "Accommodation Type Description of Other. . . To accommodate a disability, the student may request flexibility with due

dates for assignments requiring extensive reading and/or writing. Student understands that request for an extension must be made in advance of the due date to be considered for approval." *Id.* at 13. Williamson alleges that the Faculty Notification continues to "place an additional burden on disabled students requiring them to continuously request the same accommodation." *Id.* at 13–14 (cleaned up). Williamson wrote to Ivy Tech, asserting that it was failing to comply with its prior agreement with the OCR, but an Ivy Tech employee responded that she believed Ivy Tech was adhering to the OCR's standards. *Id.* at 14.

**B.     Procedural History[2]**

On October 8, 2020 Williamson filed a lawsuit against the State and Ivy Tech in the Floyd Superior Court (the "State Court Case"), *Williamson v. Ivy Tech Community College*, Case No. 22D01-2010-PL-001144 (Floyd Sup. Ct. Oct. 8, 2020). (Dkt. 64-1). Williamson asserted claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act, breach of contract claims, and various tort claims based on Ivy Tech's alleged misconduct up through October 8, 2020. *Id.*

In December 2020, the State filed a motion to dismiss for failure to state a claim, which the trial court granted a couple weeks later. In January 2021, Ivy Tech filed a motion to dismiss, which the trial court also granted. Williamson appealed the dismissal of his claims against Ivy Tech, and the Indiana Court of Appeals partially reversed the trial court's order and remanded for further proceedings on Williamson's ADA, Rehabilitation Act, and breach of contract claims. *Williamson v. Ivy Tech Cmty. Coll.*, 186 N.E.3d 601 (Table), at *6 (Ind. Ct. App. Mar. 11, 2022), *transfer denied*, 193 N.E.3d 380 (Table) (Ind. Aug. 2, 2022).

---

[2] As requested by the Ivy Tech Defendants, the Court takes judicial notice of Indiana State Court Case Number 22D01-2010-PL-1144, Indiana Court of Appeals Case Number 21A-PL-01386, and the filings therein.

Following months of vigorous motions practice on remand, Williamson and Ivy Tech filed cross-motions for summary judgment. In January 2024, the trial court denied Williamson's motion for summary judgment and granted Ivy Tech's motion for summary judgment. The trial court concluded, in relevant part, that Williamson's ADA and Rehabilitation Act claims were partially time-barred, that Williamson caused the breakdown of the interactive process, that Williamson could not sue under the ADA or Rehabilitation Act to redress Ivy Tech's alleged policy deficiencies, and that Ivy Tech did not waive sovereign immunity. *Williamson v. Ivy Tech Cmty. Coll.*, 241 N.E.3d 611 (Table), 2024 WL 3407671, at *4 (Ind. Ct. App. July 15, 2024) (summarizing trial court's summary judgment decision). The trial court also concluded that there was no implied contract between Williamson and Ivy Tech. *Id.*

Williamson appealed the summary judgment decision, but the Indiana Court of Appeals affirmed the trial court. *Id.* at *7. The Indiana Court of Appeals certified its decision on October 31, 2024. *See* Notice of Return, *Williamson v. Ivy Tech. Cmty. Coll.*, No. 24A-PL-266 (Ind. Ct. App. Oct. 31, 2024); Certification, *Williamson*, No. 24A-PL-266 (Ind. Ct. App. Oct. 31, 2024).

Two months later, Williamson initiated this federal action by filing his Complaint, request to proceed *in forma pauperis*, and several motions. In the Entry of January 6, 2025, the Court denied Williamson's request to proceed *in forma pauperis* (Dkt. 14), and on January 21, 2025, he paid the filing fee for bringing this action (Dkt. 15). However, before the Court screened Williamson's Complaint pursuant to 28 U.S.C. § 1915(e)(1), Defendants filed appearances, and both parties filed several motions. This matter is now before the Court on fourteen motions filed by Williamson (Dkt. 3; Dkt. 4; Dkt. 5; Dkt. 16; Dkt. 21; Dkt. 22; Dkt. 37; Dkt. 38; Dkt. 39; Dkt. 50; Dkt. 61; Dkt. 62; Dkt. 63; Dkt. 65; Dkt. 70), three filed by Ivy Tech (Dkt. 28; Dkt. 30; Dkt. 63), and one filed by the State (Dkt. 31). All pending motions are now ripe for review.

5

## II.     DISCUSSION

The Court will first address Williamson's motion for accommodations and *ex parte* hearing. The Court will then discuss Williamson's motions for summary judgment, class certification, default, and sanctions, followed by a discussion of Defendants' motions to dismiss.

### A.     **Williamson's Motions for Disability Accommodations and for *Ex Parte* Hearing**

Due to the "complex written communication requirements" and the Court's "complex civil trial rules," Williamson requests: (1) oral argument on all motions and filings; and (2) appointment of counsel (Dkt. 4). Williamson also filed a motion for an *ex parte* hearing regarding his Motion for Disability Accommodations (Dkt. 16).

#### 1.     **Request for Oral Argument on All Motions**

Williamson asks the Court hold oral argument on all motions, explaining that errors in written communications may result in him being deprived of the opportunity to be heard. This Court's Local Rules allow parties to request oral argument. S.D. Ind. L.R. 7-5. However, no party has a right to oral argument. This Court may "grant or deny a request for oral argument or an evidentiary hearing in its sole discretion." S.D. Ind. L.R. 7-5(d)(2). The Court is not persuaded that Williamson will be deprived of any rights if the Court declines to hold oral argument on each motion in this case. Despite his contentions, the pending motions are not complex and for the sake of judicial economy, can be ruled upon without oral argument. In its discretion, Williamson's request for oral argument (Dkt. 4) is **denied.**

#### 2.     **Request for Counsel**

Williamson also asks the Court to appoint counsel "to sit as second chair to assist with the court's written requirements." (Dkt. 4). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. U.S. District Court*, 490

U.S. 296, 300 (1989). "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007).

As an initial matter, the Court does not recruit pro bono counsel to "sit as second chair," and when recruited; counsel acts as the attorney and not co-counsel. Importantly, Williamson does not identify any attorneys or law firms that he has contacted seeking assistance of counsel, or whether he has been unsuccessful in those efforts. Because Williamson has not yet made a reasonable effort to secure representation, his request for counsel is premature. Williamson should attempt to secure counsel before refiling a motion for the Court's assistance.

Although Williamson has not satisfied the first inquiry, the Court will proceed to the second inquiry for the sake of thoroughness. Here, the Court must analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* at 655. The question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653–55. Moreover, the Seventh Circuit has held that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013). At this early stage of the proceedings, the Court is unable to gauge whether recruitment of counsel is appropriate.

Because Williamson has not yet made a reasonable effort to secure counsel, and because the Court cannot yet gauge whether recruitment of counsel is appropriate, Williamson's request for appointment of counsel (Dkt. 4) is **denied as premature**.

### 3. Motion for *Ex Parte* Hearing

Williamson asks the Court to "provide Ex Parte hearing for requesting disability accommodations under Rule 78." (Dkt. 16). Federal Rule of Civil Procedure 78 addresses only providing a schedule for oral hearing and submission of briefs, and Williamson has presented no basis for an *ex parte* hearing—without notice to the other parties. In any event, Williamson's Motion for Disability Accommodations is premature. Accordingly, his motion for an *ex parte* hearing (Dkt. 16) is **denied**.

### B. Williamson's Other Motions

Williamson has also filed a Motion for Summary Judgment, a Motion for Class Certification, a Motion for Entry of Default and Motion for Default Judgment, and two Motions for Sanctions. The Court addresses these motions in turn, along with motions related to them.

### 1. Motion for Summary Judgment (Dkts. 5, 38, 39, 61)

The same day Williamson filed his Complaint, he filed a Motion for Summary Judgment (Dkt. 5). This motion is premature, as it was filed before the Defendants were served, before the Court issued a case management plan, and before the parties had begun discovery. Additionally, for the reasons explained below, Williamson's Complaint is subject to dismissal. His Motion for Summary Judgment (Dkt. 5) is therefore **denied as premature**. Williamson should not refile a motion for summary judgment until an amended complaint (if one is filed) has been screened, Defendants have responded, and the Court has entered a case management plan.

Because Williamson's Motion for Summary Judgment is **denied as premature**, his Motion for Oral Hearing on his Motion for Summary Judgment (Dkt. 38), Emergency Motion to Expedite Motion for Summary Judgment Oral Hearing (Dkt. 39), and Motion to Amend Motion for Summary Judgment (Dkt. 61) are all **denied**.

### 2. Motion for Class Certification (Dkt. 3)

Williamson's Motion to Have Case Certified for Class Action (Dkt. 3) was also filed the same day as his Complaint. It is well settled that a *pro se* litigant cannot adequately represent [a] putative class." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see* 7A Wright, Miller & Kane, Federal Practice and Procedure § 1769.1 (2d ed. 1986) ("[C]lass representatives cannot appear pro se."). In addition, for the reasons explained below, his Complaint is subject to dismissal, so his Motion to Have Case Certified for Class Action is **denied**.

### 3. Motions for Clerk's Entry of Default and for Default Judgment (Dkts. 21–22)

Entry of default may only be entered after the defendant has been served with the summons and complaint and the time for responding has passed, and default judgment may be entered only after an entry of default. *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). Williamson's default motions were filed before any summons was issued and before any Defendant had been served. Williamson's Motion for Clerk's Entry of Default (Dkt. 21) and Motion for Default Judgment (Dkt. 22) are therefore **denied**.

### 4. Williamson's Motions for Sanctions (Dkts. 37, 62)

In his first Motion for Sanctions (Dkt. 37), Williamson requests sanctions against Ice Miller and attorney Germaine Willett ("Mr. Willett"), counsel for Ivy Tech, for alleged misconduct during the State Court Case. Williamson's first Motion for Sanctions does not relate to this case, so it is **denied**.

In his Second Motion for Sanctions (Dkt. 62),[3] Williamson alleges that during the parties' April 4, 2025 pretrial conference with the Magistrate Judge, Mr. Willett disclosed a settlement

---

[3] Williamson's second motion is titled "Motion to Amend Plaintiff's Motion to Sanction," but it requests sanctions based on different and more recent conduct, so the Court construes it as a separate, Second Motion for Sanctions.

9

demand Williamson made in a confidential mediation during the State Court Case. Williamson alleges that Mr. Willett violated Rule 2.11 of the Indiana Rules of Alternative Dispute Resolution (the "ADR Rules"), which provides that "[m]ediation sessions shall be confidential." Ind. ADR Rule 2.11(A)(1)–(2). The Court has discretion to impose sanctions for this type of violation. Fed. R. Civ. P. 16(f)(1)(C); Fed. R. Civ. P. 37(b)(2); *see* Ind. ADR Rule 2.10. However, Mr. Willett's disclosure was very limited; he disclosed only a prior settlement demand to the Magistrate Judge, in response to questions about settlement. *See* Ind. ADR Rule 2.11(A)(4) ("This Rule shall not prohibit the disclosure of information authorized or required by law."). There is nothing to indicate that Mr. Willett's disclosure was intended to prejudice Williamson or that it rises to the level of sanctionable misconduct. Williamson's Second Motion for Sanctions (Dkt. 62) is therefore **denied**.

C. **Defendants' Motions to Dismiss**

1. **Legal Standard for Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). However, courts "are

10

not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

### 2. **Defendants' Motions to Dismiss (Dkts. 28, 30, 31, 50, 70)**

Before discussing the merits of the Motions to Dismiss, the Court must resolve a few related motions. First, Ivy Tech's Motion to Stay Deadline to Response to Plaintiff's Motions Pending Resolution of Motion to Dismiss (Dkt. 30) is **denied as moot** because this Order rules on Williamson's pending motions and resolves the Defendants' motions to dismiss. Next, Williamson's Motion for Ruling on Defendants' Motions to Dismiss (Dkt. 70) is **granted**, as this Order rules on those motions. Lastly, Williamson's Motion to Strike Ivy Tech's reply in support of its Motion to Dismiss (Dkt. 50) is **denied**. Williamson argues that Ivy Tech's reply is a surreply in opposition to his Motion for Summary Judgment. *Id.* at 2. However, Ivy Tech's reply is just that— a proper reply in support of a Motion to Dismiss. There is no basis for striking the reply.

In their Motions to Dismiss, Defendants primarily argue that Williamson's motions are barred by *res judicata*,[4] which includes the doctrines of claim preclusion and issue preclusion. Defendants contend that Williamson's claims that he did or could have raised in the State Court Case are barred by claim preclusion, and that his new claims are identical to his State Court claims and are barred by issue preclusion. Defendants raise several other grounds for dismissal, including the statute of limitations and failure to state a claim upon which relief can be granted. The Court will first address whether Williamson's claims arising before the State Court Case are barred by

---

[4] *Res judicata* is an affirmative defense that cannot normally be raised until an answer has been filed. *Forty One News, Inc. v. Cnty. of Lake*, 491 F.3d 662, 664 (7th Cir. 2007). "But when an affirmative defense is disclosed in the complaint, it provides a proper basis for a Rule 12(b)(6) motion. . . . No purpose would be served by compelling the defendant to file an answer rather than proceed by motion when the plaintiff has pleaded the answer himself." *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). The Court may therefore consider Defendants' *res judicata* defense even though Defendants raised the defense before filing an answer.

11

claim preclusion, and then whether his new claims are barred by issue preclusion. The Court will then address the additional grounds for dismissal raised by Defendants.

### a. **Claims Arising Before the State Court Case**

Williamson's Complaint contains many allegations that predate the filing of the State Court Case on October 8, 2020. Defendants argue that these claims therefore were or could have been raised in the State Court Case and are barred by claim preclusion. "'Claim preclusion' refers to the doctrine that bars litigation of claims and issues that were raised or could have been raised in a prior action between the same parties or their privies that has been resolved by final judgment by a court of competent jurisdiction." *Jones v. City of Alton*, 757 F.2d 878, 879 n.1 (7th Cir. 1985).

For claim preclusion to apply, three criteria must be met: "'(1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits.'" *Mulligan v. Bd. of Trs. of Ind. Univ.*, 827 F.3d at 706 (citation omitted). The first criteria—identity of causes of action—is met here. Williamson's claims in the State Court Case and this action are the same as his present claims arising before October 8, 2020—Williamson is suing over Ivy Tech's alleged failure to reasonably accommodate his disabilities. The second criteria—identity of parties or their privies—is also met. In the State Court Case, Williamson sued the State and Ivy Tech. In this action, he sues the State, Ivy Tech and Ivy Tech's privies (Ivy Tech employees, in their official capacities). And finally, the third criteria—a final judgment on the merits—is met. "[A] judgment on the merits is one which is based upon legal rights as distinguished from mere matters of practice, procedure, jurisdiction, or form." *Spiegel v. Cont'l Ill. Nat'l Bank*, 790 F.2qd 638, 645 (7th Cir. 1986) (internal quotation marks and citations omitted). The Floyd Superior Court granted dismissal of Williamson's claims against the State for failure to state a claim, granted dismissal of Williamson's tort claims against Ivy Tech for failure to state a claim, and granted summary judgment in Ivy Tech's favor on Williamson's remaining ADA, Rehabilitation Act, and breach of

contract. *See Foshee v. Shoney's, Inc.*, 637 N.E.2d 1277, 1280 (Ind. 1994) ("A summary judgment is a decision on the merits which merges or bars the action for res judicata purposes.").

All of Williamson's claims arising from conduct predating the State Court Case (*i.e.*, before October 8, 2020) are therefore barred by the doctrine of claim preclusion and must be **dismissed**.

    b.  <u>**New Claims Arising After the State Court Case**</u>

Williamson's Complaint in this action contains few allegations regarding the Ivy Tech Defendants' conduct after October 8, 2020. Williamson alleges that in January 2023 he notified Ivy Tech that he intended to retake an English 112 and requested a copy of the Faculty Notification. *Id.* at 13. The next month, Williamson received a copy of the Faculty Notification, which had not been changed since 2020. Williamson complains that the Faculty Notification continues to discriminate against him and fails to accommodate his disability for the same reasons as in 2020—namely, it requires Williamson to affirmatively request and negotiate accommodations.

The Ivy Tech Defendants argue that Williamson's claims arising from the 2023 conduct are barred by issue preclusion. "'Issue preclusion' refers to the effect of a judgment in foreclosing relitigation of a matter of fact or law that has been litigated and decided in a prior proceeding involving at least one of the present parties, or its privy. The claim in which the issue is relitigated need not be the same." *Jones*, 757 F.2d at 879 n.1. The Ivy Tech Defendants contend that Williamson actually litigated the question of whether the Faculty Notification, which requires Williamson to affirmatively request an accommodation for assignments, is discriminatory or a breach of contract (Dkt. 29 at 12–13). The Court agrees. Williamson litigated whether the 2020 Faculty Notification is discriminatory because it requires Williamson to request and negotiate an accommodation, and the Floyd Superior Court decided that it is not. The Faculty Notification that Williamson received in 2023 is the same as in 2020 and suffers the same alleged deficiencies.

13

Williamson's claims therefore attempt to relitigate an issue that was already decided by the Floyd Superior Court. Those claims are barred by issue preclusion and must be **dismissed**.

### c. Other Grounds for Dismissal

Defendants raise several additional grounds for dismissal of some or all of Williamson's claims. The Court addresses only the most straightforward grounds here. The Ivy Tech Defendants argue that Williamson's claims under ADA and Rehabilitation Act claims are subject to a two-year statute of limitations, so all claims that accrued before December 31, 2022 (two years before Williamson filed his Complaint) are time-barred, and Williamson concedes this point (Dkt. 41 ¶ 1). Williamson's ADA and Rehabilitation Act claims that accrued claims before December 31, 2022 are therefore **dismissed**.

The Ivy Tech Defendants also argue that the Individual Defendants must be dismissed because they are sued in their official capacities and Ivy Tech itself is named as a defendant, and because the Individual Defendants are not amenable to suit under Title II of the ADA or Section 504 of the Rehabilitation Act. This argument is well supported by Seventh Circuit precedent. Williamson's claims against the Individual Defendants are therefore **dismissed**.

The State further argues that Williamson has failed to state a claim against it upon which relief can be granted. The State claims that Williamson "is seeking redress only for 'Ivy Tech's refusal in June of 2020 to provide Plaintiff a fair disability discrimination internal grievance hearing," and "provides little insight into how the State of Indiana is liable for these allegations." (Dkt. 32 at 3, 5). The Court agrees. Williamson's allegations regarding the State are limited to the State's statutory involvement in forming Ivy Tech and appointing its board of trustees (Dkt. 1 at 1–3). The Complaint does not contain any facts from which the Court could reasonably infer any actions for which the State would be liable. For this additional reason, Williamson's claims against the State must be **dismissed**.

### 3. **Ivy Tech Defendants' Amended Motion to Dismiss (Dkts. 28, 65)**

#### a. **Williamson's Motion to Strike the Amended Motion to Dismiss**

The Ivy Tech Defendants filed their first Motion to Dismiss on February 24, 2025 (Dkt. 28). Then on April 29, 2025, the Ivy Tech Defendants filed an Amended Motion to Dismiss, in which they argue that Williamson's claims against them must be dismissed under Federal Rule of Civil Procedure 4(m). The Ivy Tech Defendant state that the "Amended motion is not intended to supersede the First Motion to Dismiss," and is instead only meant to "supplement it." (Dkt. 64 at 3). The brief in support of the Amended Motion is substantively identical to the brief in support of the original Motion to Dismiss, other than a new section discussing Rule 4(m). *Id.* Williamson moves to strike the Amended Motion to Dismiss under Federal Rule of Civil Procedure 12(f) (Dkt. 56). Williamson's Motion to Strike challenges the merits of the Ivy Tech Defendants' Amended Motion, arguing that it "is improper for the same reason Plaintiff pointed out . . . in Plaintiff's motion response in opposition to Defendant's Motion to Dismiss." *Id.* at 3.

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored; however, "where . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

The Ivy Tech Defendants have caused unnecessary confusion in an already cluttered case by filing an "Amended Motion" instead of a separate motion to dismiss, and by burying the description of its Amended Motion as a "supplement" in its brief (Dkt. 64). This procedural misstep muddled briefing deadlines and led to an avoidable Motion to Strike. In an effort to clean up the docket, the Court **grants in part** and **denies in part** Williamson's Motion to Strike (Dkt. 65). The Ivy Tech Defendants concede that their Amended Motion and supporting brief are redundant of

their original motion and brief, except for the section about Rule 4(m). These redundant portions of the Amended Motion (Dkt. 63, para. 2) and brief (Dkt. 64 §§ IV(a)–(g)) are **STRICKEN**. The Court will consider only the Rule 4(m) arguments raised in the Amended Motion to Dismiss.

### b. Dismissal Under Rule 4(m)

The Ivy Tech Defendants argue that Williamson's claims should be dismissed because Williamson did not properly serve them within ninety days of filing the Complaint, as required by Federal Rule of Civil Procedure 4(m). Rule 4(m) explains,

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. Pro. 4(m).

Williamson did not serve the Ivy Tech Defendants within ninety days after filing his Complaint for two possible reasons. The first is the screening process required by 28 U.S.C. § 1915(e)(2)(B), which was superseded by Defendants' motions to dismiss. The second is the Ivy Tech Defendants' general appearance and Motion to Dismiss, which did not raise lack of service as a defense and did not need to be filed if the Ivy Tech Defendants had not yet been served. Williamson might have understandably construed these actions as the Ivy Tech Defendants waiving service.[5] In light of both reasons, good cause exists to extend Williamson's service deadline. *Rodriguez v. McCloughen*, 49 F.4th 1120, 1122–23 (7th Cir. 2022). Dismissal at this time is not appropriate, and Ivy Tech's Amended Motion to Dismiss (Dkt. 63) is **denied**.

The Court **extends** the time for service to and until **Monday, December 8, 2025**, which is ninety (90) days after Williamson's amended complaint is due to be filed. Failure to serve the Ivy

---

[5] The Court is not presently deciding whether the Ivy Tech Defendants have waived the defenses of failure to serve and/or insufficient service of process.

Tech Defendants within that time will result in the dismissal of the claims against them without prejudice for failure to prosecute and failure to comply with Court orders.

### 4. Opportunity to Amend

Defendants' request that the Court dismiss this action is granted, but Williamson will be given an opportunity to amend his complaint. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Williamson is granted leave to and until **Monday, September 8, 2025**, to file an amended complaint and show cause why judgment consistent with this Entry should not issue.

If Williamson elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Williamson claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court. Any amended complaint completely replaces the original complaint, so all claims should be contained in that pleading.

### III. CONCLUSION

For the reasons explained above, the Court:

17

**DENIES as premature** Williamson's Motion for Disability Accommodation (Dkt. 4), Motion for Summary Judgment (Dkt. 5),

**DENIES** Motion to Have Case Certified for Class Action (Dkt. 3), Williamson's Motion for *Ex Parte* Hearing (Dkt. 16), Motion for Clerk's Entry of Default (Dkt. 21), and Motion for Default Judgment (Dkt. 22); Williamson's Motion for Sanctions (Dkt. 37), Second Motion for Sanctions (Dkt. 62), Motion to Strike Reply in Support of Motion to Dismiss (Dkt. 50), and Ivy Tech's Amended Motion to Dismiss (Dkt. 63)

**DENIES as moot** Motion for Oral Hearing on Motion for Summary Judgment (Dkt. 38), Emergency Motion to Expedite Motion for Summary Judgment Oral Hearing (Dkt. 39), Motion to Amend Motion for Summary Judgment (Dkt. 61), and Ivy Tech's Motion to Stay (Dkt. 30);

**GRANTS in part** and **DENIES in part** Williamson's Motion to Strike Ivy Tech's Amended Motion to Dismiss (Dkt. 65) and **strikes** redundant portions of Ivy Tech's Amended Motion to Dismiss (Dkt. 63, para. 2) and supporting brief (Dkt. 64 §§ IV(a)–(g));

**GRANTS** Williamson's Motion for Ruling on Defendants' Motion to Dismiss (Dkt. 70), the State's Motion to Dismiss (Dkt. 31) and Ivy Tech's Motion to Dismiss (Dkt. 28);

Williamson is **GRANTED LEAVE** to file an amended complaint by no later than **Monday, September 8, 2025**. **If an Amended Complaint is filed, it will be screened before Defendants are required to respond.** If the Amended Complaint survives screening, Williamson shall have until **Monday, December 8, 2025**, to serve the Ivy Tech Defendants.

If no amended complaint is filed by the **September 8, 2025** deadline, **this action will be dismissed** for the reasons explained in this Order.

Further, the **Clerk is directed** to change the docket text for the Motion filed at [Dkt. 62] to reflect that it is Williamson's Second Motion for Sanctions.

18

**SO ORDERED**.

Date: 8/8/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

DALE WILLIAMSON
2914 S. Walford Dr.
Jeffersonville, IN 47130

Phillip J. Jones
Ice Miller LLP
Phillip.Jones@icemiller.com

Adrienne Nicole Pope
INDIANA ATTORNEY GENERAL
adrienne.pope@atg.in.gov

Germaine Winnick Willett
ICE MILLER LLP (Indianapolis)
germaine.willett@icemiller.com