UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DALE WILLIAMSON on behalf of others disable idenvisual/students, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF INDIANA, )<br>IVY TECH COMMUNITY COLLEGE )<br>INDIANA, )<br>DREW WILSON Ivy Tech Community College )<br>Indiana Board Of Trustee Chair, professional )<br>compactly, )<br>SUE ELLSPERMANN Ivy Tech Community )<br>College Indiana Presidet, professional compactly, )<br>CLAIRE MCROBERTS Ivy Tech Community )<br>College Indiana General Counsel, professional )<br>compactly, )<br>CAREY TREAGER Ivy Tech Community College )<br>Indiana Assistat Vice Presidet, professional )<br>compactly, )<br>IVY TECH COMMUNITY COLLEGE )<br>INDIANA SOUTH BEND ELKHART )<br>DISABILITY SERVICES, )<br>SANDRA SENATORE-ROBERTS Executive )<br>Director Of Student Advocacy, )<br>)<br>Defendants. ) | No. 4:25-cv-00002-TWP-TAB |

**ENTRY SCREENING AMENDED COMPLAINT,
DENYING AS MOOT MOTION TO ACCEPT AMENDED COMPLAINT,
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on *pro se* Plaintiff Dale Williamson's ("Williamson") Motion to Approve Plaintiff's Amended Complaint and to Waive Service Requirement of Plaintiff's Amended Complaint (Dkt. 73). Williamson initiated this action by filing a Complaint against the State of Indiana (the "State"), Ivy Tech Community College Indiana ("Ivy Tech") and several individuals affiliated with Ivy Tech. (Dkt. 1). Defendants appeared, and in the following months,

the parties filed eighteen motions. In its Entry of August 8, 2025, the Court resolved all of the motions, dismissed Williamson's claims, and gave him an opportunity to file an amended complaint (Dkt. 71). In that Order, the Court informed that if an Amended Complaint was filed, it would be screened before Defendants are required to respond. *Id* at 2. On September 4, 2025, Williamson filed an Amended Complaint, which is subject to screening pursuant to 28 U.S.C. § 1915(e)(1) (Dkt. 72). For the reasons explained below, the Amended Complaint is subject to dismissal for lack of jurisdiction, and the Motion to Approve is **denied as moot.**

## SCREENING STANDARD

The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608.

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6), the court accepts as true all factual allegations in the complaint and draw all reasonable inferences in favor of the

plaintiff. *Anicich v. Home Depot U.S.A., Inc.*, 852 F.3d 643, 648 (7th Cir. 2017). In this procedural posture, district courts ordinarily should not dismiss a complaint based on an affirmative defenses, but when it is "clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law," dismissal is appropriate. *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000); *see Watkins v. United States*, 854 F.3d 947, 949–51 (7th Cir. 2017) (ruling that court could take judicial notice of earlier state-court complaint and thereby dismiss based on an affirmative defense). Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned. *See Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 492–93 (7th Cir. 2011); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997).

## II.  BACKGROUND

In the Entry of August 8, 2025, the Court found that Williamson's initial Complaint was subject to dismissal because:

- Any claims based on conduct predating the filing of his state court complaint are barred by claim preclusion.

- Any claims based on Defendants' conduct in 2023 are barred by issue preclusion because they seek to relitigate whether Ivy Tech discriminated against Williamson by requiring him to negotiate his accommodation with his professors, instead of granting him "time-and-a-half" on all assignments.

- Any ADA and Rehabilitation Act claims that accrued before December 31, 2022, are barred by the applicable statute of limitations.

- There is no basis for individual liability against any Ivy Tech employees.

- The Complaint failed to allege a basis for liability against the State.

(Dkt. 71 at 12–14). Williamson then filed his Amended Complaint, which is subject to screening.

## III. WILLIAMSON'S AMENDED COMPLAINT

Williamson's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

In January 2023, Williamson registered for an English course at Ivy Tech, "trying to remedy" past violations that were the subject of Ivy Tech's 2018 and 2020 agreements with the Department of Education OCR (Dkt. 72 ¶¶ 11, 18–19). He notified the Ivy Tech Board of Trustees that he was re-enrolling in the class, requested a copy of Ivy Tech's disability policies, and requested a copy of the Faculty Notification listing his disability accommodations, including the time-and-a-half accommodation. *Id.* ¶ 12. The Board did not respond, so Williamson obtained the documents from other Ivy Tech faculty. *Id.* Williamson was notified that the Ivy Tech Sellersburg campus did not have an ADA coordinator. *Id.* ¶ 13.

The next month, Ivy Tech emailed Williamson notifying him that Ivy Tech would "extend[] the disability accommodation request interactive process till start of course and was providing alternative disability accommodation . . . of English instructor['s] choosing," which Williamson "would not be informed of till start of English course." *Id.* ¶ 14. In other words, Ivy Tech was once again requiring Williamson to negotiate his accommodation with his English professor instead of automatically granting him time-and-a-half for all written assignments. Ivy Tech failed to provide a written explanation of why it was "failing to provide[] [the] original Disability Accommodation" which Williamson believes was required by Ivy Tech's 2018 OCR agreement. *Id.*

Williamson then filed a disability grievance with Ivy Tech for failing to provide disability accommodations, not having an "adequate ADA Coordinator/Disability Faculty and not having Notice for ADA Coordinator" for the grievance. *Id.* ¶ 15. In March 2023, Ivy Tech dismissed Williamson's grievance, and Williamson dropped the English course. *Id.* ¶ 16.

4

## IV. DISCUSSION

### A. Procedural History

Because the Amended Complaint does not describe the parties' relationship, the Court takes judicial notice of the Indiana Court of Appeals' summary:

> Williamson enrolled at Ivy Tech in 2015 and was provided reasonable educational accommodations in accordance with his diagnosed learning disabilities. In 2016, however, an Ivy Tech professor allegedly refused to provide Williamson's designated educational accommodations, specifically extra time on the submission of a writing assignment and the opportunity for a faculty member to read over his writing assignment and provide constructive feedback. Williamson also alleged that the professor had refused to give him a letter grade for the writing assignments that he had turned in. Williamson filed an internal grievance with Ivy Tech for its alleged refusal to provide him his educational accommodations in his English 111 course. In response, Ivy Tech refunded Williamson's course fee for English 111 and assured him that Ivy Tech would continue to provide reasonable educational accommodations.
>
> In 2017, Williamson was enrolled in English 112 at Ivy Tech. At some point, Williamson's English professor learned that he had been using his laptop computer during class for purposes other than taking notes. The professor requested a meeting with Williamson to discuss the use of a laptop computer in class. Williamson filed an internal grievance alleging that Ivy Tech had failed to provide his educational accommodations for English 112 and, when the results of the grievance procedure were deemed unsatisfactory, filed a complaint with the [United States Department of Education Office of Civil Rights] DOE OCR. The DOE OCR opened an investigation into Ivy Tech and eventually entered an agreement with it in 2018, pursuant to which the DOE OCR would discontinue its investigation and Ivy Tech would agree to a list of terms without admitting to a violation. One of the terms of the agreement was that Ivy Tech would provide Williamson access to his reasonable educational accommodations in English 112. As it happened, however, Williamson left Ivy Tech in 2017 . . . .[1]
>
> Williamson approached Ivy Tech in 2020 to discuss the possibility of re-enrollment and to see if Ivy Tech would abide by their previous offer to allow him to retake English 112 at no cost. Ivy Tech's Vice Chancellor and Dean of Students responded to Williamson and stated that he would not be charged tuition for English 112. Williamson contacted Ivy Tech's Office of Disability Support Services ("ODSS") to provide his list of chosen educational accommodations. Williamson sought

---

[1] In the meantime, Williamson enrolled in courses at University of Louisville, which led to Williamson filing similar claims against the University of Louisville. Those claims were dismissed on summary judgment by the District Court for the Western District of Kentucky, which was affirmed by the Sixth Circuit Court of Appeals. *Williamson v. Univ. of Louisville*, No. 23-5812, 2024 WL 3595912 (6th Cir. Apr. 4, 2024), *cert. denied*, 145 S. Ct. 322 (Mem.) (2024).

> assurances from ODSS that his list of chosen educational accommodations would be available to him in English 112 regardless of professor or assignment. ODSS responded with its internal procedure for obtaining accommodations on assignments and in the classroom. Williamson again filed an internal grievance alleging that Ivy Tech had denied him access to his educational accommodations, followed by a second complaint with DOE OCR. . . .
>
> Williamson filed suit [in the Floyd Superior Court] against Ivy Tech on October 8, 2020, raising six claims. Williamson's claims arose from an allegation that Ivy Tech and the State had refused to comply with their obligations pursuant to [the] ADA and [Rehabilitation Act] when he approached Ivy Tech on June 2, 2020, to inquire about reenrolling for the Fall 2020 semester and asked how his disabilities would be accommodated. Williamson made claims of ADA and [Rehabilitation Act] violations, a breach-of-contract claim, and tort claims. . . .

*Williamson v. Ivy Tech Cmty. Coll.*, 186 N.E.3d 601 (Table), at *1–2 (Ind. Ct. App. 2022).

> On August 11, 2023, each of the parties filed a motion for summary judgment. On August 31, 2023, the trial court conducted a hearing by Zoom to afford Williamson the opportunity to orally summarize his 516-page motion. Williamson and Ivy Tech were unified in their positions that a request for accommodation was reasonable, Ivy Tech did not consider Williamson's requests to cause an undue burden, and an agreement for re-enrollment had been reached. But Williamson contended that he had encountered unredressed difficulty in the re-enrollment process. According to Williamson, one of the Ivy Tech professors . . . had "implied[ly]" altered "[the] wording" of an accommodation agreement and "added directives" by informing Williamson via email that a desired option [automatically giving time-and-half for all assignments] was not a part of a stated policy and "not listed in their drop-down menu." (Tr. Vol. II, pgs. 202–03.)
>
> . . . . On December 11, a final hearing on the cross-motions for summary judgment was conducted. . . . Williamson presented the following argument:
>
> The defendant has failed to raise a genuine dispute in the case that they have acknowledged that the violations had occurred in 2016 and a party resolution agreement was made. Again in 2017 they've acknowledged the violation and party resolution agreements were made. They have failed to explain why they have not updated Ivy Tech's policy to include reasonable disability accommodations extended [sic] time for the submitting of assignments to their policies. To this day they still have not undated [sic] their policies to include that and they've admitted to using other rules to allow professors and other staff to give directive after the intake process over disability accommodations. Which is a violation of the other rule usage.
>
> (*Id.* at 218.)

6

On January 5, 2024, the trial court denied Williamson's motion for summary judgment and granted Ivy Tech's motion. In pertinent part, the trial court concluded that Williamson's discrimination claims from 2016 and 2017 arose more than two years before the filing of his complaint and were time-barred. As to the events of 2020, the trial court found that undisputed evidence showed that Ivy Tech offered accommodation and attempted to communicate with Williamson regarding the process for accommodation. However, Williamson "withdrew from discussions, did not register for classes, and instead filed his complaint." Appealed Order at 5. The trial court characterized this as Williamson "caus[ing] the interactive process to break down," and concluded that he could not, as a matter of law, prevail on his claims of discrimination in those circumstances. *Id.* Additionally, the trial court's order stated that Williamson had no private right of action under the ADA or the RA to redress alleged policy deficiencies, and that Ivy Tech had taken no action to waive its sovereign immunity.

Finally, the trial court addressed the breach of contract claim:

> The undisputed designated evidence establishes that every course for which Williamson paid, he was given a grade. The courses from which he withdrew, he was refunded his tuition. ... [T]hrough deposition testimony, evidence shows there was discussion about accommodations and actions taken by Ivy Tech to conform to their policies and procedures as set for[th] [in] the DSS Manual. The designated evidence shows Ivy Tech had the intent to accommodate Williamson to the extent possible, but the evidence does not show an offer, acceptance, and consideration. This court finds that as [a] matter of law, there was no implied contract between Williamson and Ivy Tech.

*Id.* at 5–6.

*Williamson v. Ivy Tech Cmty. Coll.*, 241 N.E.3d 611 (Table), at *3–4 (Ind. Ct. App. 2024).

In July 2024, the Indiana Court of Appeals affirmed the Floyd Superior Court's summary judgment order, stating in relevant part:

> Williamson's argument at the summary judgment hearing suggests that he disagreed with a professor having flexibility in accommodation policies. According to Williamson, he was entitled to a specification of how much extra time he would be afforded – not fluctuating with a class or professor – prior to making his enrollment decision. As best we can discern Williamson's arguments at the hearing and on appeal, the crux of his complaint is that Ivy Tech has not "updated its disability policies" such that he is assured in advance of enrollment that he will be afforded an "extended time for the submission of writing assignments of 1.5 times." Appellant's Brief at 4.
>
> Certain facts are undisputed. Williamson requested the opportunity to retake an English class without additional tuition, and Ivy Tech agreed to provide that class without additional tuition, and with accommodations. Williamson has not been

7

> barred from any particular class or academically penalized. He was not denied extra time to complete assignments or tests. However, Ivy Tech has a stated policy that a student must consult with a professor regarding an extra-time accommodation for written assignments, and Ivy Tech has not at any point implemented a stated policy that extra time means 1.5 times the base time for completion. . . .
>
> In his appellant's brief, Williamson does not argue that the designated materials established, prima facie, the elements of any of his claims; nor does he develop a cogent argument as to whether the designated materials negate an element of any of his claims. And Williamson wholly fails to address the merits of the trial court's summary judgment decision. His assertions of judicial incompetence and defense improprieties fall far short of showing that he is entitled to judgment as a matter of law or that Ivy Tech is not entitled to judgment.
>
> Simply put, Williamson does not cogently challenge the grant of summary judgment or the order for discovery sanctions.

*Id.* at *5–7.

Two months after the Indiana Court of Appeals certified its decision, Williamson initiated this federal action, asserting claims under the ADA and Rehabilitation Act, breach of contract and unjust enrichment claims, and tort claims (Dkt. 1).

**B. <u>Analysis</u>**

Although the Amended Complaint focuses on events from 2023, Williamson's claims remain barred by issue preclusion, claim preclusion, and the applicable statute of limitations, or fail to state a claim upon which relief can be granted.

The doctrine of issue preclusion bars Williamson's claims that Ivy Tech discriminated against him by refusing to give him time-and-a-half on all written assignments; that Ivy Tech discriminated by requiring him to negotiate his accommodations with his professor; that Ivy Tech unlawfully failed to update its disability policies; and that Ivy Tech violated federal regulations under the ADA or Rehabilitation Act. Williamson litigated those issues in state court and lost. Specifically, the Floyd Superior Court's summary judgment decision found:

> The undisputed evidence establishes that Ivy Tech repeatedly agreed to provide accommodations and attempted to discuss how those accommodations would apply

8

> to the classes. Williamson, unhappy with the proposal to work with him for accommodations for individual classes, withdrew from discussions, did not register for classes, and instead filed his complaint. Because Williamson himself caused the interactive process to break down, he cannot, by law, prevail on his claims of discrimination for failing to provide accommodations.
>
> Williamson claims Ivy Tech failed to comply with federal regulations under the ADA and the Rehabilitation Act. However, when enacting these laws, Congress did not establish a private right of action for individuals.

Order on Summ. J. Mots. at 5, *Williamson v. Ivy Tech Cmty. Coll.*, No. 22D01-2010-PL-1144 (Floyd Sup. Ct. Jan. 5, 2024). On appeal, Williamson specifically re-raised the issue of Ivy Tech's refusal to update its disability policies, but the Indiana Court of Appeals affirmed the trial court's dismissal. *Williamson*, 2024 WL 3407671, at *5.

The applicable two-year statute of limitations bars Williamson's claims that Ivy Tech unlawfully failed to appoint an adequate ADA coordinator or adhere to the 2018 and 2020 OCR agreements. In his Amended Complaint, Williamson alleges that Ivy Tech did not have a proper ADA coordinator "when Ivy Tech Sellersburg made the original offer in 2015, did not appoint one after 2017 DOE OCR investigation, still did not have an ADA/504 coordinator. . . in 2020 and still does not have one at time of writing this complaint." (Dkt. 72 ¶ 31). All these claims accrued no later than 2020, which is well outside the two-year statute of limitation for claims under the ADA and Rehabilitation Act. To the extent Williamson alleges a "continuing violation" not barred by the statute of limitations, these claims are still barred by the doctrine of claim preclusion, since Williamson could have—and did—raise these issues in his state court lawsuit. Williamson's state court complaint also contains allegations challenging Ivy Tech's ADA coordinator and Ivy Tech's noncompliance with the OCR agreements. *See* Complaint ¶¶ 52–62, 75–76, *Williamson*, No. 22D01-2010-PL-1144 (Floyd Sup. Ct. Oct. 8, 2020).

Williamson also briefly asserts claims of fraudulent misrepresentation, breach of contract, and unjust enrichment, which must also be dismissed. He alleges that Ivy Tech fraudulently

9

misrepresented its "willingness to provid[e] Plaintiff access to their disability academic adjustment for all class that are required to obtain a degree," and that Ivy Tech breached its contract with Williamson by failing to provide a reasonable disability accommodation and having a qualified ADA coordinator (Dkt. 72 ¶¶ 34. 58). These claims merely repackage Williamson's discrimination claims and are subject to dismissal for the same reasons.

Lastly, Williamson claims that Ivy Tech has been unjustly enriched by the tuition and fees that he paid for other courses he *did* take because he was "denied access to the rest of the required courses need[ed] for a useable degree." *Id.* ¶ 35. But Williamson fails to show how Ivy Tech unfairly benefited from this exchange. Ivy Tech provided the education for which Williamson paid. The sole allegation that Williamson finds no worth in his education without a formal degree is not enough to show that Ivy Tech has been unjustly enriched.

C. **Dismissal of Action**

The Court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Generally, 'a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [his] complaint before the entire action is dismissed.'" *O'Boyle v. Real Time Resolutions*, 910 F.3d 338, 347 (7th Cir. 2018) (quoting *Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 519 (7th Cir. 2015)). However, the Court need not grant leave to amend if "'it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted.'" *Id.* at 347 (quoting *Barry Aviation v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). "An amendment is futile if the amended complaint would not survive a motion for summary judgment." *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 819 (7th Cir. 2007).

Williamson was given an opportunity to file an amended complaint. Based on Williamson's initial Complaint and Amended Complaint, it is clear that he is simply seeking to relitigate a years-

old dispute that was heard and decided by the Floyd Superior Court and the Indiana Court of Appeals. Williamson cannot assert the same claims based on identical conduct and obtain a different result from this Court. The Court finds that further opportunities to amend would be futile, and this action is **dismissed without prejudice**.

### V.  MOTION TO ACCEPT AMENDED COMPLAINT

Because Williamson's Amended Complaint is subject to dismissal, the Motion to Accept Plaintiff's Amended Complaint is **denied as moot**.

### VI.  CONCLUSION

Because Williamson has failed to cure the deficiencies of his initial Complaint, for the reasons discussed in the August 8, 2025 screening Entry and this Entry, this action is **DISMISSED for lack of jurisdiction**, *see* 28 U.S.C. § 1915(e)(2)(B), and Williamson's Motion to Approve Plaintiff's Amended Complaint and to Waive Service Requirement of Plaintiff's Amended Complaint, Dkt.[ 73] is **DENIED as moot**. Final judgment will be issued under separate order.

**SO ORDERED**.
Date:   11/24/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

DALE WILLIAMSON
2914 S. Walford Dr.
Jeffersonville, IN 47130

Phillip J. Jones
Ice Miller LLP
Phillip.Jones@icemiller.com

Adrienne Nicole Pope
INDIANA ATTORNEY GENERAL
adrienne.pope@atg.in.gov

Germaine Winnick Willett
ICE MILLER LLP (Indianapolis)
germaine.willett@icemiller.com