UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DALE WILLIAMSON on behalf of others disable idenvisual/students, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF INDIANA, <br> IVY TECH COMMUNITY COLLEGE INDIANA, <br> DREW WILSON Ivy Tech Community College Indiana Board Of Trustee Chair, professional compactly, <br> SUE ELLSPERMANN Ivy Tech Community College Indiana Presidet, professional compactly, <br> CLAIRE MCROBERTS Ivy Tech Community College Indiana General Counsel, professional compactly, <br> CAREY TREAGER Ivy Tech Community College Indiana Assistat Vice Presidet, professional compactly, <br> IVY TECH COMMUNITY COLLEGE INDIANA SOUTH BEND ELKHART DISABILITY SERVICES, <br> SANDRA SENATORE-ROBERTS Executive Director Of Student Advocacy, <br><br> Defendants. | No. 4:25-cv-00002-TWP-TAB |

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on *pro se* Plaintiff Dale Williamson's ("Williamson") Motion for Reconsideration of Entry Screening Amended Complaint, Denying as Moot Motion to Accept Amended Complaint, and Directing Entry of Final Judgment (Dkt. 79). Defendants have responded (Dkt. 84) and Williamson has filed his reply (Dkt. 85). For the reasons explained below, Williamson's Motion is **denied**.

## I.  BACKGROUND

The details of Williamson's claims, and the procedural history of this action and related actions, are included in the Court's August 8, 2025 Order on Pending Motions (Dkt. 71) and November 24, 2025 screening Entry (Dkt. 77). This section does not recite those details and is intended only to provide the background relevant to the Motion for Reconsideration.

In considering the Defendants' Motion to Dismiss, the Court took judicial notice of Williamson's prior lawsuits, as these facts are readily ascertainable from the public court record. *See Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). Williamson has a learning disability and was formerly enrolled at Ivy Tech Community College ("Ivy Tech"). In 2020, Williamson sued the State of Indiana (the "State") and Ivy Tech in state court, alleging that Ivy Tech discriminated against him and failed to reasonably accommodate his disability in violation of the Americans with Disabilities Act and Rehabilitation Act. The state court dismissed the lawsuit, and the dismissal was affirmed by the Indiana Court of Appeals. Williamson then initiated this federal action against the State, Ivy Tech, and several individuals affiliated with Ivy Tech (together with Ivy Tech, the "Ivy Tech Defendants").

In the Entry of August 8, 2025, the Court dismissed Williamson's Complaint because: his claims arising from conduct predating the state court complaint were barred by claim preclusion; claims based on more recent conduct were barred by issue preclusion because they challenged the same actions as in state court; the ADA and Rehabilitation Act claims were barred by the applicable statute of limitations; there was no basis for liability against the individual defendants; and the Complaint failed to allege a basis for liability against the State (Dkt. 71 at 12–14). The Court gave Williamson an opportunity to file an Amended Complaint, which was subject to screening.

In the Entry of November 24, 2025, after screening, the Court dismissed Williamson's Amended Complaint because: the Amended Complaint continued to raise legal issues litigated and

resolved in the state court action; Williamson's ADA and Rehabilitation Act claims accrued by the latest in 2020, despite Williamson's allegations of a "continuing violation," making those claims time-barred; Williamson's claims of fraudulent misrepresentation, breach of contract, and unjust enrichment merely repackaged his discrimination claims and were subject to dismissal for the same reasons as the discrimination claims; and Williamson failed to plausibly allege that Ivy Tech was unjustly enriched by denying Williamson the opportunity to obtain his degree (Dkt. 77 at 9–11).

The Court also found that further amendments would be futile and that this federal action should be dismissed. *Id.* at 10–11. The Court entered Final Judgment the same day (Dkt. 78). On December 11, 2025, Williamson filed a Notice of Appeal (Dkt. 80), and the Motion for Reconsideration, (Dkt. 79) which is before the Court for review.

## II.      LEGAL STANDARD

Williamson seeks reconsideration of the Court's dismissal of this action. Although motions to reconsider are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to these motions. *Bell v. Turner*, No. 15-cv-931, 2017 WL 2021404, at *1 (S.D. Ind. May 12, 2017). A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). If timely filed, a motion styled as a motion to reconsider should be considered under Rule 59(e). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009). Williamson's Motion was filed within 28 days of the date judgment was entered, so it is treated as a motion to amend judgment pursuant to Rule 59(e).

Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize

3

controlling precedent." *Stragapede v. City of Evanston*, 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

### III.  DISCUSSION

Williamson argues that the dismissal of this action was erroneous for two reasons. First, the Court incorrectly stated that he "dropped" an English course when he was in fact "blocked/prevented" from registering for the course, and that his allegations satisfy the "burden-shifting framework of McDonnell Douglas Corp. v. Green." (Dkt. 79 at 1–3). Second, Williamson argues that the Court erred in finding that "Indiana State Court lacks subject matter jurisdiction thereby cannot interpret" the ADA or Rehabilitation Act (Dkt. 79 at 4). The Ivy Tech Defendants respond that Williamson has not shown that reconsideration is appropriate and he merely reasserts arguments that were previously considered and rejected by the Court (Dkt. 84). The Court concludes that reconsideration is not warranted.

The Amended Complaint states that "In March 2023 shortly after ITCCI disregarded/dismissed Mr. Williamson's Disability Discrimination AIG complaint ITCCI Drop Mr. Williamson form (sic) English course right before the start of English course for filing Disability Discrimination AIG Complaint." (Dkt. 72-4 at 4). The Court's statement that Williamson "dropped" a class, even if incorrect, does not affect the Court's reasons for dismissing this action.

In addition, Williamson's arguments about the *McDonnell Douglas* framework are misplaced. *McDonnell Douglas* burden shifting is an evidentiary framework used to analyze whether a plaintiff's disparate treatment discrimination claims should survive a defendant-employer's motion for summary judgment. *McDonnell Douglas Corp. v. Green,* 411 US 792

(1973). The *McDonnell Douglas* framework is simply a way of organizing evidence to determine whether a plaintiff has proven the merits of his discrimination claim. *See Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 764–66 (7th Cir. 2016). The Court did not dismiss this action on summary judgment, and did not dismiss it because Williamson's claims lacked merit or evidence. Rather, the Court dismissed this action because Williamson had tried the merits of his claims in state court and lost.

Additionally, contrary to Williamson's assertion, the Court did not base its dismissal of this action on a finding that this Court (or the state court) could not hear Williamson's ADA or Rehabilitation Act claims or interpret those statutes. Rather, the Court dismissed his ADA and Rehabilitation Act claims on the basis of claim preclusion and/or issue preclusion, and because Williamson brought those claims in this court beyond the applicable statute of limitations. Williamson has therefore failed to show that the Court committed a manifest error of law in dismissing this action, and he has failed to offer newly discovered evidence that would affect the Court's reasoning or dismissal.

As a final matter, on reply, Williamson contends that by filing a response to Williamson's Motion to Reconsider, the Ivy Tech Defendants violated the Court's August 8, 2025 screening entry (Dkt. 71 at 18), and "waive[d] pre-pleading review requiring the Defendants to answer complaint there by making the Court's review dismissal moot." (Dkt. 85 at 2). Williamson appears to misunderstand the purpose of the Ivy Tech Defendants response brief, filed at Dkt. 84. The response brief appropriately responded to, and opposed, Williamson's Motion for Reconsideration. The response brief does not violate any prior Court orders, and it does not constitute a response to a pleading, waive any type of review, or moot any of the Court's orders. It is simply a response to

Williamson's Motion to Reconsider. The filing of the response brief does not create any basis for reconsideration of the dismissal of this action.

Because Williamson has failed to demonstrate that the Court committed a manifest error of law or fact or present any newly discovered evidence, his Motion for Reconsideration is **denied**.

### IV.   CONCLUSION

For the reasons explained above, Williamson's Motion for Reconsideration of Entry Screening Amended Complaint, Denying as Moot Motion to Accept Amended Complaint, and Directing Entry of Final Judgment, Dkt. [79] is **DENIED**. This action **remains closed**. If Williamson desires further review of the orders in this action, he must seek that review in his pending appeal with the Seventh Circuit Court of Appeals.

**SO ORDERED**.

Date: 1/14/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

DALE WILLIAMSON
2914 S. Walford Dr.
Jeffersonville, IN 47130

Phillip J. Jones
Ice Miller LLP
Phillip.Jones@icemiller.com

Adrienne Nicole Pope
INDIANA ATTORNEY GENERAL
adrienne.pope@atg.in.gov

Germaine Winnick Willett
ICE MILLER LLP (Indianapolis)
germaine.willett@icemiller.com